CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 12 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JIMMIE L. REAVES,<br>　　Plaintiff, | )<br>) |
| | ) Civil Action No. 7:07CV00085 |
| v. | )<br>) **MEMORANDUM OPINION** |
| | ) |
| CONTRACTING ENTERPRISE, INC.,<br>and APPALACHIAN POWER<br>COMPANY,<br>　　Respondents. | ) By: Hon. James C. Turk<br>) Senior United States District Judge<br>)<br>)<br>) |

Plaintiff, Jimmie L. Reaves, proceeding pro se, applied for in forma pauperis ("IFP") status to file an action against Contracting Enterprise, Inc. and Appalachian Power Company for alleged "unlawful discrimination" in the workplace. The court granted Reaves IFP status; however, for the reasons stated, the court dismisses Reave's action sua sponte for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B) (stating that a court may "at any time" dismiss an in forma pauperis claim if the action "fails to state a claim on which relief may be granted").

I.

Reaves alleges that during his employment with Contracting Enterprise, Inc. he was often given life-threatening jobs because of his race and that he was never trained for any of these jobs. Reaves claimed that he was "threatened with [his] employment" if he refused to complete these dangerous jobs and work over-time. Finally, Reaves claims several instances of his immediate supervisor using racial slurs and "call[ing] [him] out [because] of his race." Reaves seeks monetary compensation in the amount of one million dollars for his "mental pain and suffering."

## II.

Although Reaves does not cite any law in his complaint, the court assumes that Reaves is seeking damages under Title VII of the Civil Rights Act of 1964 ("Title VII") for racial discrimination; however, at this juncture, he does not have standing to file suit under Title VII. "Before a plaintiff has standing to file a suit under Title VII, [the plaintiff] must exhaust his administrative remedies by filing a charge with the EEOC." Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 132 (4th Cir. 2002). Reaves does not allege that he has exhausted his administrative remedies. Thus, the court finds that he does not have standing to file an action under Title VII at this time.

For the forgoing reasons, the court dismisses Reave's complaint without prejudice because he fails to state a claim on which relief can be granted.

**ENTER:** This 12th day of March, 2007.

*/s/ James C. Turk*
Hon. James C. Turk
Senior United States District Judge